AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

**SEALED**

for the

Eastern District of Louisiana

| | |
|---|---|
| In the Matter of the Search of | ) |
| Blue Apple iPhone, Seized from Suspect at 3103 Audubon Trace Jefferson, LA 70121 on July 16, 2024, currently in the custody of Homeland Security Investigations, 1250 Poydras Street, Suite 2300, New Orleans, LA 70113 | ) ) ) ) ) ) Case No.   24-MC-1902 |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Louisiana _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____ August 14, 2024 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.      ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Duty Magistrate Judge _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     July 31, 2024; 3:45 p.m.     _____ *Janis van Meerveld* _____
*Judge's signature*

City and state:      New Orleans, LA     Hon. Janis van Meerveld, U.S. Magistrate Judge
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br><br>   24-MC-1902 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

Subscribed, sworn to, and returned
before me this ____ day of _____, 20___.


_____
U.S. Judge or Magistrate

_____
*Executing officer's signature*

_____
*Printed name and title*

## <u>ATTACHMENT A</u>

### Description of Property to Be Searched

The item to be searched is described and pictured below. The item is currently in the possession of Homeland Security Investigations, located at 1250 Poydras Street STE 2300 New Orleans, LA 70113, Computer Forensics Lab:

- A Blue Apple iPhone



## ATTACHMENT B

### Particular Things To Be Seized

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use, or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Section 2252 (distributing, receiving, possessing, and accessing with intent to view child pornography).

1. Evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

2. Evidence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

3. Evidence of the lack of such malicious software;

4. Evidence indicating how and when and who used, owned, and controlled the device at the time the things described in this warrant were created, edited, or deleted, to include how and when the computer was accessed or used to determine the chronological context of computer access, use, and events referencing or revealing the crime(s) under investigation and to the computer user;

5. Evidence indicating the device user's knowledge and/or intent as it relates to the crime(s) under investigation, such as research into child exploitation statutes;

6.    Evidence of the attachment to the device of other storage devices or similar containers for electronic evidence;

7.    Evidence of programs (and associated data) that are designed to eliminate data from the device;

8.    Passwords, encryption keys, and other access devices;

9.    Records of or information about Internet Protocol addresses used by the device;

10.   Records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses revealing an interest in child exploitation content;

11.   Child pornography, as defined in Title 18, United States Code, Section 2256(8);

12.   Child erotica; and

13.   Records, information, and items relating to violations of the statutes described above in the form of:

    a.    Records and information referencing child pornography, as defined in Title 18, United States Code, Section 2256(8);

    b.    Records and information referencing child erotica;

    c.    Records and information referencing or revealing the use of cloud-based instant messaging applications;

    d.    Records and information referencing or revealing the identity or location of the persons suspected of violating the statutes described above;

    e.    Records and information referencing or revealing the sexual exploitation of children; Records and information revealing sexual interest in minors;

f.      Records and information referencing or revealing trafficking, advertising, or possession of child pornography, to include the identity of the individuals involved and location of occurrence;

g.      Records and information referencing or revealing communication or interaction of an illicit sexual nature with minors, to include the identity of the individuals involved and location of occurrence;

h.      Records and information constituting or revealing membership or participation in groups or services that provide or make accessible child pornography;

i.      Records and information revealing the use and identification of remote computing services such as email accounts or cloud storage;

j.      Incoming and outgoing communications, including but not limited to calls, SMS messages, MMS messages, and any third-party application communications referencing or revealing an interest in or the sexual exploitation of children;

k.      Photos, Videos, or other images taken or saved to the device, or audio recordings, including any voice messages or voicemails, referencing or revealing an interest in or the sexual exploitation of children;

l.      Any and all information associated with applications downloaded to the device that references or reveals an interest in or the sexual exploitation of children; and

m.    Any records or notes, including names and telephone numbers of persons from whom it is suspected visual depictions of the sexual exploitation of children were traded.

As used above, the terms "records" and "information" includes all forms of creation or storage, specifically: any data stored in an electronic format (such as files and or folders stored on mobile devices or computers); and any cloud storage (which the aforementioned electronic devices are connected to).

The term "storage medium" includes any physical object upon which computer data can be recorded, including the hard drives of computers, SIM cards, and mobile devices capable of storage.

# UNITED STATES DISTRICT COURT

**SEALED**

for the

Eastern District of Louisiana

In the Matter of the Search of

| | |
|---|---|
| Blue Apple iPhone, Seized from Suspect at 3103 Audubon Trace Jefferson, LA 70121 on July 16, 2024, currently in the custody of Homeland Security Investigations, 1250 Poydras Street, Suite 2300, New Orleans, LA 70113 | ) ) ) ) ) ) Case No. 24-MC-1902 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____Eastern_____ District of _____Louisiana_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| | |
|---|---|
| 18 U.S.C. § 2252(a)(2) | Receipt and distribution of child pornography |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of child pornography |

The application is based on these facts:  See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
/s/ Brian Villaflor
*Applicant's signature*

Special Agent Brian Villaflor, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone conference_____ *(specify reliable electronic means).*

Date:  _____July 31, 2024_____

City and state:  _____New Orleans, LA_____

_____
*Judge's signature*

Hon. Janis van Meerveld, U.S. Magistrate Judge
*Printed name and title*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN THE MATTER OF THE | * | |
| APPLICATION FOR A SEARCH | | MISC. NO.  24-mc-1902 |
| WARRANT FOR: | * | |
| | | |
| **Blue Apple iPhone, Seized from** | * | **FILED UNDER SEAL** |
| **Suspect at 3103 Audubon Trace** | | |
| **Jefferson, LA 70121 on July 16, 2024,** | * | |
| **currently in the custody of Homeland** | | |
| **Security Investigations, 1250 Poydras** | * | |
| **Street, Suite 2300, New Orleans, LA** | | |
| **70113** | * | |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Brian Villaflor, hereafter referred to as your affiant, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Special Agent (SA) with U.S. Immigration and Customs Enforcement, Homeland Security Investigations (HSI), assigned to the Office of the Special Agent in Charge (SAC) New Orleans, Louisiana. I have been employed as a SA with HSI since March of 2022. I subsequently attended the Criminal Investigator Training Program (CITP) and Homeland Security Investigation Special Agent Training (HSISAT) at the Federal Law Enforcement Training Center (FLETC) where I was trained to conduct investigations regarding the violation of federal statutes. Prior to my employment with HSI New Orleans as a SA, I was a SA with the United States Secret Service (USSS). During my career with the USSS, I was assigned to a Cyber Fraud Task Force, I have led, conducted, and participated in criminal investigations involving bank fraud, wire fraud, identity theft, and access device fraud. As such, I am authorized to investigate violations of laws of the United States and execute warrants issued under the authority of the United States.  I am

currently assigned to the SAC New Orleans Cyber Crimes Group. This group investigates matters involving the online exploitation of children, particularly in relation to Title 18, United States Code, Section 2252, which criminalizes the possession, receipt, and transmission of child pornography. During my assignment with the Cyber Crimes Group, I have led, conducted, and participated in the investigations and execution of search warrants for computers, electronic media, and other evidence, in cases involving child pornography and the sexual exploitation of children.

2.      I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations and to make arrests for Title 18 offenses enumerated in Title 18, United States Code, Section 2516.

3.      This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      I am investigating the activities of the Internet Account registered to Lisa Pedone but used by Henry Michael Robin (hereinafter "ROBIN"). Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 2252(a)(2) (receipt and distribution of child pornography), and Section 2252(a)(4)(B) (possession of child pornography), have been committed by ROBIN using an Internet Account registered to Lisa Pedone. Accordingly, I am submitting this application and affidavit in support of a search warrant authorizing a search of a Blue Apple iPhone seized by law enforcement from the Suspect at 3103 Audubon Trace Jefferson, LA 70121 on July 16, 2024, (hereafter referenced as the **TARGET DEVICE**), as further described in *Attachment A*. Located within the electronic device to be searched, I seek to seize evidence, fruits, and instrumentalities relating to violations of Title

18, United States Code, Section 2252 (distributing, receiving, possessing, and accessing with intent to view child pornography), as more fully described in *Attachment B*.

<u>**DETAILS OF THE INVESTIGATION**</u>

5.      On or about May 6, 2024, Apache Junction Police Department (Arizona) Detective Steven Jeansonne conducted an undercover online investigation on the BitTorrent peer-to-peer file sharing network for offenders sharing child pornography.  An investigation was initiated for a device at IP address 99.17.60.202, because it was associated with a torrent with the infohash: 61f6ce8c25ed2847373355c50468e94238667fd6. This torrent file referenced multiple files, at least one of which was identified as being a file of investigative interest to child pornography investigations.

6.      Using a computer running investigative BitTorrent software, law enforcement authorities made a direct connection to the device at IP address 99.17.60.202, hereinafter referred to as "Suspect Device."  The Suspect Device reported that it was using the BitTorrent client software, -BW1403- libtorrent/1.2.2.0.

7.      On or about May 6, 2024, at approximately 01:19:50 GMT, law enforcement authorities successfully completed a download of files that the Suspect Device made available. The Suspect Device was the sole candidate for the downloads, and as such, the files were downloaded directly from IP address 99.17.60.202.  The files were reviewed by your affiant, who determined that some met the definition of sexually explicit conduct involving minors as defined by Title 18, United States Code, Section 2256.  Three of the downloaded files are described as follows:

      a.      A file titled "**Falko_crying HD.mp4**", which is a video file, approximately five minutes and fourteen seconds long, depicts a prepubescent female child that is nude, blindfolded, and wearing fish net stockings. Two females are also nude in the video, one female is holding the nude child, and she begins

3

to rub the child's buttocks. The female then inserts her fingers into the child's vagina. The child is then visually and audibly crying. The female moves an adult male's erect penis towards the child. The child continues to cry.

b.  A file titled "**Felixxx_142623RaJ_mom_41.jpg**", which is an image file, depicts a prepubescent male child nude. An adult female is seen performing oral sex on the child's penis.

c.  A file titled "**s373jpg_3742354_25809616.jpg**" which is an image file, depicting a compilation of approximately ten scenes of prepubescent female children nude. One of the scenes depicts a female child posing with an adult male's penis, the child appears to have semen in her hair, forehead, and coming out from her mouth. The compilation includes the following title: "*Childpussy should always be tortured! Your pedo cum comes first – Hurt em!*"

8.  On or about June 10, 2024, Detective Jeansonne, referred your affiant a download he had obtained on or about May 6, 2024, during an undercover online investigation on the BitTorrent network from IP address 99.17.60.202.

9.  On or about June 10, 2024, your affiant conducted a query on the IP address 99.17.60.202 through the American Registry for Internet Numbers (ARIN).  ARIN reported the IP address to be registered to AT&T Corp.

10.  On or about June 13, 2024, your affiant served a Department of Homeland Security Summons to AT&T Corp. to request subscriber information for IP address 99.17.60.202 on May 6, 2024, 01:19:50 GMT, the date and time of Detective Jeansonne's download.

11.  On or about June 13, 2024, your affiant received a response from AT&T Corp. indicating IP address 99.17.60.202 was assigned to subscriber Lisa Pedone at 3103 Audubon Trace, Jefferson, LA 70121.

12.  As the subscriber information for IP address 99.17.60.202 resolved back to internet service in the name of Lisa Pedone residing at 3103 Audubon Trace, Jefferson, LA 70121, your affiant has searched various records indices for information regarding the subject premises and its'

residents. These searches have identified Lisa Pedone as the adult resident at the 3103 Audubon Trace, Jefferson, LA 70121. A search of public property records lists Lisa Pedone as "Primary Owner" of 3103 Audubon Trace, Jefferson, LA 70121.

13.    On July 12, 2024, your affiant presented a Federal Search Warrant to the Honorable Eva J. Dossier, United States Magistrate Judge, requesting authority to search the premises located at 3103 Audubon Trace, Jefferson, LA 70121, and to search and seize evidence related to violations of Federal child pornography laws.

14.    On July 16, 2024, HSI Special Agents, along with members of the Jefferson Parish Sheriff's Office (JPSO), U.S. Secret Service and the Louisiana Bureau of Investigation, executed the Federal Search Warrant at 3103 Audubon Trace, Jefferson, LA 70121.

15.    Upon executing the search warrant of the PREMISES located at 3103 Audubon Trace, Jefferson, LA 70121, contact was made with ROBIN and Ana Pedone. Law enforcement entered the premises to execute the search warrant and spoke with Pedone. Pedone indicated that she and ROBIN lived at the 3103 Audubon address, the residence is in her mother's name and that the internet service they have is secured. She denied knowing that any child pornography was present in the residence or contained on any of their computers. Pedone stated to SA's that ROBIN has been living at the premises since approximately 2019.

16.    During the execution of the search warrant, law enforcement officers observed a Sandisk 256 gigabyte USB thumb drive located in the living room. AP stated that the thumb drive belonged to ROBIN. Pursuant to the search warrant, an HSI Computer Forensics Analyst conducted a preview of the thumb drive and located various files of child sexual abuse material (CSAM) which was verified by an HSI Special Agent. Your affiant viewed the files and confirmed

the thumb drive of ROBIN to contain sexually explicit conduct involving minors. Below is a description of one of the files:

    a. A file titled "**Mari 28.mp4**," which is a video file, approximately thirty seconds long, depicting a topless prepubescent female child. An adult male is masturbating with his erect penis near the child's mouth. During the course of the video, the adult male ejaculates onto the child's mouth.

    b. The thumb drive also contained personal information specific to ROBIN, including a picture of a prescription bottle with his name on it.

    c. Pedone stated that ROBIN owned an Apple MacBook. Later, after he was advised of Miranda Rights, ROBIN invoked but then voluntarily reengaged the law enforcement officers at the search scene and indicated to officers that his Apple MacBook laptop computer, is presently located in his personal vehicle.

    d. HSI SA's seized ROBIN's thumb drive and other electronic devices in order to conduct a full computer forensic examination.

17.    Law enforcement located the **TARGET DEVICE** in ROBIN's possession. Thereafter, authorities seized and secured the **TARGET DEVICE**. The **TARGET DEVICE** was subsequently logged into evidence at HSI New Orleans, where it has remained securely stored.

18.    On July 16, 2024, your affiant presented a Criminal Complaint for ROBIN to the Honorable Janis van Meerveld, United States Magistrate Judge for violations Title 18, United States Code, Section 2252(a)(2) and (b)(1), Receipt of Child Pornography. Judge van Meerveld signed the compliant and issued the warrant the same date and Robin was subsequently arrested and processed for his initial appearance.

19.    On July 16, 2024, HSI Special Agents arrested ROBIN at the PREMISES via the Criminal Complaint.

20.    On July 16, 2024, authorities seized and secured ROBIN's Black Hyundai Kona 4 Door Motor Vehicle with Louisiana License Plate NO. 800HFN, which was located near the

PREMISES. The vehicle was subsequently towed into JPSO's impound lot, where it remained securely stored.

21.     On July 16, 2024, your affiant presented a Federal Search Warrant to the Honorable Janis van Meerveld, United States Magistrate Judge, requesting authority to search a Black Hyundai Kona 4 Door Motor Vehicle with Louisiana License Plate NO. 800HFN and an Apple MacBook Laptop Computer located within, and to search and seize evidence related to violations of Federal child pornography laws.

22.     On July 17, 2024, JPSO and your affiant executed the Federal Search Warrant on a Black Hyundai Kona 4 Door Motor Vehicle with Louisiana License Plate NO. 800HFN and an Apple MacBook Laptop Computer, which was found within the vehicle.

23.     Authorities seized and secured the Apple MacBook Laptop Computer. The laptop was subsequently logged into evidence at HSI New Orleans, where it has remained securely stored.

24.     A Computer Forensics Agent's review of the Apple MacBook Laptop Computer revealed an Apple iCloud[1] account: hrobin730@yahoo.com. A Computer Forensics search of the laptop are still ongoing.

25.     Based on the training and experience of your affiant, Apple iCloud accounts are synced across other Apple electronic devices, such as the **TARGET DEVICE**. Thus, content containing sexually explicit conduct involving minors available on one device is available and may be stored on other Apple Devices on the same iCloud account.

---

[1] Apple iCloud enables users to store and sync data across devices, including Apple Mail, Apple Calendar, Apple Photos, Apple Notes, contacts, settings, backups, and files.

## COLLECTORS OF CHILD PORNOGRAPHY

26.     Based on your affiant's knowledge, experience, and training in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the receipt and collection of child pornography:

a.      Child pornography collectors may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

b.      Collectors of child pornography may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, video tapes, books, slides, and/or drawings or other visual media. Child pornography collectors oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c.      Collectors of child pornography almost always possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, videotapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location. Child pornography collectors typically retain

8

pictures, films, photography, negatives, magazines, correspondence, books, tape recording, mailing lists, child erotica, and videotapes for many years.

d.      Likewise, collectors of child pornography often maintain their collections that are in a digital or electronic format in a safe, secure, and private environment, such as a computer and surrounding area.  These collections are often maintained for several years and are kept close by, usually at the collector's residence, to enable the collector to view the collection, which is valued highly.  Your affiant has also known collectors of child pornography to maintain such materials on their cell phones.

e.      Child pornography collectors also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, address, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.  Your affiant knows from his experience that such contact information is often contained on the collector's cell phone.

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

27. Based on my knowledge, training, and experience, I know that electronic devices, including cell phones, can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

28. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the device because:

a.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b.    Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.    A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.    The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a similar device

behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.    Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f.    I know that when an individual uses an electronic device to facilitate fraud scheme utilizing the internet, the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

29.    Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

30.     Manner of execution. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

31.     Based on the above information, your affiant respectfully submits that there is probable cause to believe that evidence of criminal offenses, namely, violations of Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4)(B), is located in the **TARGET DEVICE**, and on electronic media, as described above, and this evidence, more fully described in *Attachment B* to this affidavit, which is incorporated herein by reference, is also contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses.

32.     Your affiant, therefore, respectfully requests that the attached warrant be issued authorizing the search of the **TARGET DEVICE**, as further described in *Attachment A,* and any computers, computer equipment, and/or any other electronic media located therein, and the seizure

of evidence, fruits, and instrumentalities of criminal violations relating to the knowing transportation, shipment, receipt, possession, production, and distribution, of child pornography, as more particularly described in *Attachment B*.

Respectfully submitted,

*/s/ Brian Villaflor*
Brian Villaflor
Special Agent
Homeland Security Investigations

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Subscribed and sworn to before me on
this 31st day of July, 2024
in New Orleans, Louisiana.

HONORABLE JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE

## <u>ATTACHMENT A</u>

### Description of Property to Be Searched

The item to be searched is described and pictured below. The item is currently in the possession of Homeland Security Investigations, located at 1250 Poydras Street STE 2300 New Orleans, LA 70113, Computer Forensics Lab:

- A Blue Apple iPhone



**ATTACHMENT B**

**Particular Things To Be Seized**

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use, or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Section 2252 (distributing, receiving, possessing, and accessing with intent to view child pornography).

1. Evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

2. Evidence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

3. Evidence of the lack of such malicious software;

4. Evidence indicating how and when and who used, owned, and controlled the device at the time the things described in this warrant were created, edited, or deleted, to include how and when the computer was accessed or used to determine the chronological context of computer access, use, and events referencing or revealing the crime(s) under investigation and to the computer user;

5. Evidence indicating the device user's knowledge and/or intent as it relates to the crime(s) under investigation, such as research into child exploitation statutes;

6.     Evidence of the attachment to the device of other storage devices or similar containers for electronic evidence;

7.     Evidence of programs (and associated data) that are designed to eliminate data from the device;

8.     Passwords, encryption keys, and other access devices;

9.     Records of or information about Internet Protocol addresses used by the device;

10.    Records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses revealing an interest in child exploitation content;

11.    Child pornography, as defined in Title 18, United States Code, Section 2256(8);

12.    Child erotica; and

13.    Records, information, and items relating to violations of the statutes described above in the form of:

a.     Records and information referencing child pornography, as defined in Title 18, United States Code, Section 2256(8);

b.     Records and information referencing child erotica;

c.     Records and information referencing or revealing the use of cloud-based instant messaging applications;

d.     Records and information referencing or revealing the identity or location of the persons suspected of violating the statutes described above;

e.     Records and information referencing or revealing the sexual exploitation of children; Records and information revealing sexual interest in minors;

f.  Records and information referencing or revealing trafficking, advertising, or possession of child pornography, to include the identity of the individuals involved and location of occurrence;

g.  Records and information referencing or revealing communication or interaction of an illicit sexual nature with minors, to include the identity of the individuals involved and location of occurrence;

h.  Records and information constituting or revealing membership or participation in groups or services that provide or make accessible child pornography;

i.  Records and information revealing the use and identification of remote computing services such as email accounts or cloud storage;

j.  Incoming and outgoing communications, including but not limited to calls, SMS messages, MMS messages, and any third-party application communications referencing or revealing an interest in or the sexual exploitation of children;

k.  Photos, Videos, or other images taken or saved to the device, or audio recordings, including any voice messages or voicemails, referencing or revealing an interest in or the sexual exploitation of children;

l.  Any and all information associated with applications downloaded to the device that references or reveals an interest in or the sexual exploitation of children; and

3

m.   Any records or notes, including names and telephone numbers of persons from whom it is suspected visual depictions of the sexual exploitation of children were traded.

As used above, the terms "records" and "information" includes all forms of creation or storage, specifically: any data stored in an electronic format (such as files and or folders stored on mobile devices or computers); and any cloud storage (which the aforementioned electronic devices are connected to).

The term "storage medium" includes any physical object upon which computer data can be recorded, including the hard drives of computers, SIM cards, and mobile devices capable of storage.